**IN THE COURT OF APPEALS OF IOWA**

No. 14-0675
Filed July 30, 2014

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**A.C., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

　　A mother appeals from the order terminating her parental rights. **AFFIRMED.**

　　Lauren M. Phelps of Lauren M. Phelps, PC, Davenport, for appellant mother.

　　Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney for appellee State.

　　Matthew Hatch, Bettendorf, for minor child.

　　Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

A mother appeals from the order terminating her parental rights.[1] To the mother's credit, she has made some progress, but she has led a difficult life. She remains wanting and willing to parent the child, but simply has had too many hurdles to overcome. The time has come to no longer gamble with the child's safety and welfare. We therefore affirm.

J.R. was born in June 2013 and removed from the parents' custody shortly after her birth. The child was adjudicated a child in need of assistance due to the parents' inability to provide appropriate care, supervision, and safety. The parents previously resided in Illinois and had a history of domestic violence, child neglect, and mental health issues. The mother has significant anger control issues. The mother had her rights to three other children terminated in Illinois. A fourth child was removed from the mother's care and at the time of the termination hearing remained in foster care in Illinois.

The mother does not contest that statutory grounds for termination exist under Iowa Code section 232.116(1)(h) (2013),[2] and thus we need not address the existence of grounds for termination. *See In re P.L.*, 778 N.W.2d 33, 40

---

[1] The father's rights were also terminated. He does not appeal.

[2] Pursuant to section 232.116(1)(h), a court is authorized to terminate parental rights if finds all of the following:

    (1) The child is three years of age or younger.

    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

(Iowa 2010) (stating reviewing court need not address "[t]he first step in our analysis . . . under section 232.116(1)" where the parent does not dispute the existence of the grounds); *see also In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (noting that when the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record).

The mother argues reasonable efforts were not made to reunify her with J.R. Upon our de novo review of the record, *see P.L.*, 778 N.W.2d at 37 (noting proper scope of review), we note the numerous services that have been offered to the mother by the Iowa Department of Human Services (DHS) since the child's removal, including mental health evaluation and treatment, parenting education, anger management, couples and individual counseling, domestic violence counseling, batterer's education program, employment and housing advocacy, parent partner, foster care services, and supervised visitation.[3] The mother admitted at the termination trial that she was not presently ready to have the child returned to her. The juvenile court found that "reasonable efforts have been made to achieve permanency, and that failure to terminate parental rights would be contrary to the welfare of the child." We agree.

---

[3] Moreover, the mother had received services from the Illinois Department of Children and Family Services (DCFS) beginning at least by 2008.

The mother argues DHS "changed its position mid-stream" from focusing on parenting and providing basic necessities, but "[n]ow DHS wanted [her] to get a job and an apartment, divorce her husband and continue with her counseling and visits with her daughter." She acknowledges there is "nothing intrinsically unreasonable" about the "new" requirements, but appears to believe her statutory time frame should have been reset. We find no merit in this argument. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (observing that while the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232). "Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency." *Id.* at 495.

The mother argues additional time should be granted to her in light of her recent progress.[4] We commend the mother for the progress she has made. However, "[i]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41; *see In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting the parent's past conduct is instructive in determining his future behavior); *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (finding that when considering what the future holds if the child is returned to the parent, we must look to a parent's past behavior because it may be indicative of the quality of care the parent is capable of providing in the future). Here, the mother has received services since 2008 and remains unable to provide housing and safety for her child.

We also note that the mother sought and received a continuance of the termination hearing that was set for February 17, 2014, essentially receiving an additional three months to achieve reunification. While a court has discretion to "continue placement of the child for an additional six months," Iowa Code § 232.104(2)(b); *see also id.* § 232.117(5), this provision requires the court to set forth "factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*

---

[4] We have addressed this issue although it does not appear the district court specifically ruled upon a request for an extension of time. *See In re K.C.,* 660 N.W.2d 29, 38 (Iowa 2003) (stating issues "must be presented to and ruled upon by the district court in order to preserve error for appeal").

§ 232.104(2)(b); *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). We conclude additional time is not warranted.

The mother contends the strength of her bond should weigh against termination of her parental rights. *See* Iowa Code § 232.116(3)(c) (providing that the court need not terminate the relationship between the parent and the child if the court finds "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). The "factors weighing against termination in section 232.116(3) are permissive, not mandatory, and the court may use its discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation and internal quotation marks omitted). We do not find the parent-child bond here such that termination would be detrimental to the child and thus it is not sufficient reason to deprive the child of permanency.

The child is in a foster-to-adopt home and is doing well. Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2), we affirm the termination of the mother's parental rights pursuant to section 232.116(1)(h).

**AFFIRMED.**